# CHARLESTON

## NATIONAL TUBE CO. *v.* SMITH.

Submitted January 31, 1905.    Decided February 14, 1905.

1.  EXEMPTION LAWS—*Lex Fori Governs.*
    The exemption law of another State pertains to remedy, and will not be enforced in this State. (p. 212.)

2.  EXEMPTION LAWS—*Injunction.*
    Injunction does not lie against a garnishment in an action before a justice of money owing by the garnishee to a non-resident debtor, on the ground that such money is exempt by the law of the state of residence of such debtor. (p. 216.)

3.  EQUITY JURISDICTION—*Multiplicity of Suits.*

    The fact that a person is sued or garnished by different persons on distinct and separate demands, having no connection, or the fact that the same question of law may arise in all the cases, does not give equity jurisdiction to enjoin the suits on the principle that equity takes jurisdiction to avoid multiplicity of suits.  (p. 215.)

4.  EQUITY JURISDICTION—*Injunction—Justice of Peace Interested in Suits.*

    Equity has no jurisdiction to enjoin a justice of the peace from acting in an action before him because of his interest in the result. (p. 215.)

5.  INJUNCTION—*Suits for Same Purpose in Different States.*

    Injunction will not lie to restrain the prosecution of a garnishment in an action for debt before a justice of this State on the ground that, in another state, an injunction is later sued out and is pending enjoining the garnishee from paying the money, under any judgment of such justice.  (p. 216.)

Appeal from Circuit Court, Ohio County.

Bill by the National Tube Company against G. O. Smith. Decree for defendant, and plaintiff appeals.

*Affirmed.*

WM. H. HEARNE, for appellant.

STENTZ & HITHCINS and RUSSELL & RUSSELL, for appellee.

BRANNON, PRESIDENT:

The National Tube Company filed a bill in equity in Ohio county against George O. Smith, stating that it is a New Jersey corporation doing business in this State in the manufacture of steel and iron tubing, and employing many thousands of men in this and other states; that said Smith, a resident of West Virginia, had brought one hundred and forty-two suits before justices of the peace of Ohio county against employes of the company residing in Pennsylvania on claims assigned to Smith, contracted in Pennsylvania with residents of Pennsylvannia and still residing in it; that no process in the suits had been served on the non-resident debtors, but that attachments had been issued in them and served on the company as garnishee; that said suits were a great burden and annoyance to the company; that Smith had been long engaged in the pretended buying of claims arising in other states against employes of foreign corporations and suing on

them in Ohio county, and garnishing foreign corporations doing business there, either paying small value for claims, or on agreement for half the recovery; that the claims thus purchased were debts against persons who became debtors in Pennsylvania, and that they as employes of said company had earned wages in that state for which the company was garnished, and the purpose of said assignment and suit in West Virginia was to evade the statute of Pennsylvania which entitled those employes to exempt such wages from subjection to the debts sued on; that not only were those employes entitled to the exemption, but a Pennsylvania statute made the assignments of the claim illegal and void. The bill charged that the purchase of the claims by Smith was champertous; also that an arrangement had been made between Smith and the justices that no justice's fees were to be charged Smith, unless the company should answer that it had funds of the debtors, and that this is contrary to public policy; that one of the debtors sued before the justice, Javens, had obtained from a court in Pennsylvania an injunction restraining the company from paying Smith the money owed by the company to Javens and that others were about to enjoin; that if judgment should be given by the justices in Ohio county, the company would likely be sued for the same money in Pennsylvania and be compelled to pay over again these same debts and thus lose a large sum. The bill asked an injunction against Smith to forbid him from prosecuting said pending suits or instituting other suits on like claims, and injunction was awarded, but afterwards on demurrer the bill was dismissed and the injunction dissolved, and the company appealed.

The defendant contests the jurisdiction of equity to entertain this suit. One ground on which the plaintiff rests such jurisdiction is, that the debts due from the defendant are for wages of laboring men in the service of the company, and that those laborers earned the wages in the state of Pennsylvania, and reside there, and by its laws such wages are exempt from the debts to which it is sought by the garnishment of the defendant in this State to subject them to debts there made, and that those debts were assigned and sued upon in this State with purpose to evade the exemption law of Pennsylvania. To sustain this ground for jurisdiction we must practically en-

force the law of another state, in contradiction of the rule that the laws of a state have no force beyond its territorial limits, and therefore exemption laws of another state, which pertain to remedy merely, will not be enforced in this State. *Stevens* v. *Brown*, 20 W. Va. 450; 12 Am. & Eng. Ency. L., (2d. Ed.) 78. But we are told that jurisdiction under this head is sustained by 12 Am. & Eng. Ency. L. (2d Ed.) 80 saying: "That the rule of comity between states will not permit a creditor residing in one state, or his assignee, to avail himself of the process of the courts of another state for the purpose of evading the exemption laws of his own state, and if he attempts to do so, such law should be recognized and effect given to them." It may be safely asserted that this is not the sound rule, as appears from the same volume, p. 78. We find in that volume p. 256: "It may be regarded as settled that a court of equity has jurisdiction to enjoin a resident creditor from instituting or prosecuting an action or proceeding in another state for the purpose of evading the exemption laws of his state, and of collecting his claim by subjecting to its satisfaction property or credits which the debtor could claim as exempt if the action or proceeding were brought within the state. And in such a case an injunction should generally be granted."

This means that injunction lies in one state to enforce its own exemption law. It means that an injunction will go against a person resident in a state, to operate in person on him, to prevent his suing in another state to subject in that other state wages exempt in favor of person residing in the former state, which would be exempt if he were sued there. This is not enforcing the law of another state. It seems both creditor and debtor must reside in the same state for such injunction. The case of *K. C. & Co.* v. *Cunningham*, 7 Kansas App. 47, holds that Kansas will execute the exemption law of another state and protect wages of employes earned in another exempt by its laws. Say the same of *M. & R. Co.* v. *Maltby*, 34 Kan. 171. Without disregarding *Stevens* v. *Brown*, 20 W. Va. 450, and the current of authority, we cannot so hold. I add that the *Maltby Case* says that the wages were exempt under the exemption law of both states. Further, they were not injunctions. They were contests in the garnishee cases. They do not aid equity

jurisdiction. *Drake* v. *Railroad*, 69 Mich. 168, was not injunction, but appeal in a garnishment case. It holds that assignment of a debt to assist the creditor to evade the exemption law of a state by suit in another state is invalid. That is a matter contestable in the garnishment suit. So with the holding that such wages cannot be attached. These cases are not our question — which is— equity jurisdiction in this case. *Wright* v. *Railroad*, 56 Amer. R. 747, only holds that Nebraska's exemption law applies to non-residents. It was in the same action also, and does not touch jurisdiction of equity. *Chicago, &c.* v. *Moore*, 28 Am. St. R. 534, does not touch our question, because it simply holds that a valid judgment on garnishment is good in another state and payment of it protects the garnishee. *Wabash* v. *Dougan*, 34 Am. St. R. 74, involved the right to garnish in another state, the right being tried in the same suit. It does not touch equity jurisdiction. *Pierce* v. *Chicago*, 36 Wis. 283, touches what the garnishee must do in defense, the force of a judgment against him, and the presumption that the exemption laws of the two states are the same. *Martin* v. *Railroad*, 50 Hun. 347, is upon the force of a judgment on garnishment in another state, arising in an action to compel payment over again of wages, in which also it was said it *seems* such wages are not attachable. It does not touch equity jurisdiction. The law above last quoted does not mean, for illustration, that injunction lies in West Virginia to enjoin garnishment here of wages earned in another state, payable there to a person there resident, though exempt by the law of that other state.

Pennsylvania could thus enjoin the owners of debts there resident from suing in West Virginia to subject wages going to persons resident in Pennsylvania and exempt by its law. Injunction is given in the case above supposed, where it lies, as there is no other remedy, as the state where the suit is will not enforce the law of the other state under which exemption is claimed, I think the cases will show this to be the case. *Allen* v. *Buchannan*, 38 Am. St. R. 187; *Mumper* v. *Wilson*, 2 *Id.* 238 and note; *Stewart* v. *Thompson*, 97 Ky. 575; *Keyser* v. *Rice*, 47 Md. 203; 28 Am. R. 448; Freeman on Execution, section 209. Injunction can prevent one in a state from carrying on a suit in another state. *State* v. *Fredlock*, 52 W. Va. 232

Jurisdiction in equity cannot be on the ground of avoiding multiplicity of suits. These demands are in favor of different persons, against different persons, having no connection with each other, not at all upon a common demand, the demand resting on and involving different facts. The mere fact that the garnishment is of one debtor will not give jurisdiction, though there is a legal question common to all — that is, whether wages earned in Pennsylvania by persons resident there, payable there, exempt by its laws, can be assigned or garnished in West Virginia at all against a foreign corporation. There is no fund common to, or in contest between, divers persons—no community of interest. The statement of equity jurisdiction to avoid multiplicity of suits in Hogg's Eq. Principles, 469, will not justify this case. "Injunction will not lie to prevent multiplicity of suits which would lie between different parties, though the issue in each case must be determined on the same state of facts." "Equity will not stay a creditor in his effort to secure the money which his debtor owes him, from the fact that there are many creditors pursuing the same debtor, and there will be a multiplicity of suits. Attachment creditors, whose debts are distinct, and arise out of separate transactions, who had no common interests, cannot be joined by the debtor in one suit in equity, in order to avoid multiplicity of suits. And generally actions by different persons on distinct and separate grounds do not constitute a multiplicity of suits which a court of equity will enjoin." Beach on Injunctions, section 539; High on Injunctions, section 65. The fact that the same question of law arises as to the several debts does not give such jurisdiction. *Murphy* v. *Mayor*, 22 Am. St. R. 346; *Tribette* v. *Illinois Central*, 35 *Id.* 642.

Equity jurisdiction cannot stand on the theory that the justices have an illegel arrangement with Smith touching fees. If the justices have such interest as renders them unjust, partial judges, the remedy is not injunction but prohibition. 16 Ency. Pl. & Prac. 1124; *Forest Coal Co.* v. *Doolittle*, 54 W. Va. 210.

Equity jurisdiction cannot be sustained on the ground that injunctions are, or will be, instituted in Pennsylvania against payment to Smith under a West Virginia recovery against the company. The plea of another suit pending will not be

good if the suit is pending in a court of another state. . 1 Cyc. 36; Fletcher, Eq. Pl. & Prac. section 258; *Stanton* v. *Embry*, 93 U. S. 548; *Ins. Co.* v. *Brune*, 96 *Id.* 588; *Davis* v. *Morris*, 76 Va. 27. It is true that there is an exception to the above rule, namely, that when there is garnishment in one state and an action in another state for the same debt garnished, the garnishment suit if prior in date may be pleaded to abate or suspend the latter suit, because the garnishment fastens the debt, and the garnishee may be compelled to pay the debt twice, if the action is not abated or suspended until the decision of the garnishment suit. 1 Cyc. 37; 9 Ency. Pl. & Prac. 857. But the two suits must involve the recovery of the same demand. The Pennsylvania suit is not to recover the debt, but is only an injunction prohibiting the company from paying under the garnishment, and besides is later in date. 1 Cyc. 38. Rather might we say that the West Virginia suit could be pleaded in the Pennsylvania suit. The law adverted to would say that the pendency of the garnishment could be pleaded in an action at law by the creditor to recover the debt garnished from the garnishee; but this state of things is not before us. It is claimed that we issue an injunttion.

There being no jurisdiction in equity we do not discuss the assignability of the demands on which the actions before the justice were brought, whether the claims were assigned, whether there was jurisdiction in the justices to garnish the plaintiff company, whether the assignment was void, or any question involved in the merits. Those questions are cognizable in the actions before the justices and on appeal,

Therefore, we affirm the decree simply for want of jurisdiction for the injunction.

*Affirmed.*