# CHARLESTON

### Deepwater Co. *v*. Motter & Co.

Submitted September 12, 1905.    Decided January 30, 1906.

1. Injunction—*Prosecution of Action.*

An action of *assumpsit* by a railroad contractor against a railroad company to recover for work of construction under contract will not be enjoined, at the company's instance, merely because a number of creditors of such contractor have garnished the company.   (p. 56.)

2. Equity—*Jurisdiction—Relief Granted.*

It is not an infallible rule that equity, having jurisdiction for one purpose, will give full relief on all matters involved, though some be proper for a court of law.   If a trial of such legal matters by jury is essential to relief, or peculiarly more appropriate for trial by jury than by a judge, equity will decline jurisdiction as to those matters, leaving the parties to their legal remedies, The facts of each case must determine as to this.   (p. 58.)

Appeal from Circuit Court, Fayette County.

Bill by the Deepwater Railway Company against D. H. Motter & Co. and others.    Judgment for defendants, and plaintiff appeals.

*Affirmed.*

A. N. Campbell and Brown, Jackson & Knight, for appellants.

Simms & Enslow, for appellees.

Brannon, Judge:

Under a contract with the Deepwater Railway Company D. H. Motter & Co. did work in the construction of that company's road, and brought an action of *assumpsit* in the circuit court of Fayette county against said company for recovery of their demand, the amount of which and the right to any amount, were in great dispute between them.    A number of creditors of Motter & Co. brought divers suits before justices and in court against them, sued out attachments and garnished the railroad company as a debtor for such construction work of Motter & Co.    In this condition of things the railroad company filed a bill in chancery

against Motter & Co. and those various creditors to enjoin said creditors from going on with their suits and proceedings in garnishment against said railroad company until a determination should be had, in the chancery suit, of the validity of the proceedings and demands of said creditors of Motter & Co. and their order and priority, and what sum was owing by the railroad company to Motter & Co. available for the payment of the creditors, and to enjoin Motter & Co. from prosecuting their action of *assumpsit* against the railroad company, and to settle the account between Motter & Co. and the railroad company and all matters in the case. An injunction was awarded, which was afterwards dissolved, so far as it enjoined the prosecution of the action of *assumpsit*, and from this partial dissolution of the injunction the railroad company has appealed.

Clearly the demand of Motter & Co. is legal in character triable by a jury in a law court in the action of *assumpsit*, and under the constitution Motter & Co. are entitled to such trial, unless we can see some plain reason why equity should deprive them of it. As between the railroad company and Motter & Co. a law court can give adequate and full remedy by testing whether any amount is due to Motter & Co., and if so, how much. They have right to have that amount determined by verdict and judgment, as such judgment would be conclusive, not only between the railroad company and them, but as between Motter & Co. and their creditors as to the fund liable for debt. *Turner* v. *Stewart*, 51 W. Va. 493. Say that the railroad company could sue the conflicting creditors in equity to settle their rights as to the fund in its hands, (this is not decided) still that fact cannot disable Motter & Co. from sustaining a suit at law. The fact that these creditors on various claims are pursuing the railroad company is a matter between them, not between the company and Motter & Co., and cannot put it in the power of the company to exclude Motter & Co. from their proper chosen tribunal. It is this right of Motter & Co. to have their demand passed by a jury that must be the dominant factor. We must not ignore that right. The law forum's relief, as between the company and Motter & Co., is full and adequate to fix their rights. When we are met by the plea that it is not adequate between the company and the creditors

·of Motter & Co., we answer, that is another matter, and that the action of the circuit court leaves the injunction in force as to that.

Avoidance of *multiplicity of suits* cannot give equity jurisdiction to stop the action against Motter & Co. The many suits against them would not give them a place in equity, as we held in *National Tube Co.* v. *Smith*, 50 S. E. 717, and under High on Injunction, 4th Ed. section 65, 3d Ed. section 57, that "the fact of different suits having been brought, each having a distinct object, founded on distinct and separate grounds, brought by different persons, does not constitute such multiplicity of suits as to bring the case within the rule to warrant an injunction." But there being one fund in the railroad company's hands claimed by numerous conflicting creditors, I doubt the application of that law to prevent the company from assembling, in one injunction suit, those creditors; however, that cannot authorize the railroad company to shut out Motter & Co. from a jury trial. (The court does not decide as to that) and as between the company and Motter & Co. all questions of amount, fraud in the contract, estoppel by reason of the contract's making the engineer's estimate final, can be heard at law. The case of *Nease* v. *Insurance Co.*, 32 W. Va. 283, is much relied upon by the railroad company. Jurisdiction in it was based on a statute. Besides, that was a suit by a sheriff holding several executions claimed to be liens on a fund in the hands of an insurance company, to which there was a conflicting claim by an assignee of the party who was the execution debtor and the insured party. The sheriff sued for the execution creditors to settle conflicting claims on a common fund. Creditors are not suing here. The insured was not suing the insurance company to recover his demand. There was no question as to injunction against a prosecution of . an action at law. The injunction was to prevent payment of the fund to the insured party or his assignee until the conflicting claims could be adjudicated.·

As to the argument that the law court cannot give full relief. It may not by way of trying numerous actions by creditors against Motter & Co.; but it can give full relief between the railroad company and Motter & Co. The question of jurisdiction is between them.

It is argued upon such cases as *Hotchkiss* v. *Fitzgerald,* 41 W. Va. 357, that equity having jurisdiction for one purpose disposes of all matters involved in the case, though some be of legal cognizance; that having jurisdiction to pass on the conflicting claims of creditors, it can pass on the matters involved between the railroad company and Motter & Co. The proposition, broadly stated in the books, is a valuable rule of equity, but not of universal application. It is true where the rights arise out of the same transaction; but here the rights between the railroad company and Motter & Co. arise out of the contract between them, whilst rights as between Motter & Co. and the creditors grow out of other contracts and transactions. The main point of litigation is between the company and Motter & Co. growing out of a given transaction having no relation to the rights of Motter & Co.'s creditors against them, the rights of those creditors against the company being merely incidental, the garnishments being given only as a reason for enjoining the action at law. The rule is not infallible. Should it be applied to deprive one of a jury trial in a matter to which a jury trial is peculiarly fit? In cases of discovery Story says: "If the proper relief be by an award of damages, which can be ascertained by a jury, there may be strong reason for declining the exercise of jurisdiction, since it is the appropriate function of a law court to superintend such trials. And in many other cases, where a question arises purely of matters of fact to be tried by a jury, and the relief is dependent upon that question, there is equal reason that the jurisdiction for relief should be declined. Thus, if a bill seek discovery of a contract for the sale of goods and chattels, or a wrongful conversion of goods, and the breach of the contract, or conversion of the goods, is properly remediable in damages, to be ascertained by a jury, the relief seems properly to belong to a court of law. * * * * And thirdly, where the remedy at law is more appropriate than the remedy in equity, or the verdict of a jury is indispensable to the relief sought, the jurisdiction will be declined, or if retained, will be so subject to a trial at law." Story's Eq. sections 72, 73. This doctrine is held in *Freer* v. *Davis,* 52 W. Va. 1. The Virginia court said that so far from the rule being inflexible, "Where the remedy at law is more appropriate than in equity,

or where the verdict of a jury is proper, the jurisdiction will be declined, or if retained, will be held subject to a trial at law. It is impossible to lay down any general rule without running counter to some plain exception or well recognized modification." "The facts of each case must determine whether equity will go on and decree against all the parties, or leave the parties to their appropriate remedy at law." *Walters* v. *Bank*, 76 Va. 12. I have taken for granted, for argument, that there is jurisdiction as to the creditors; but we do not decide it. I doubt whether under section 4, chapter 131, Code, the court could have the damages assessed by a jury, and therefore the allowance to proceed with the action was right and we affirm the order.

*Affirmed.*