FARMERS' MUTUAL FIRE INSURANCE ASS'N v. SMITH.

1. EQUITY—JURISDICTION.
    The rule that equity having acquired jurisdiction will retain it to adjust the matters in controversy between the parties does not extend to other causes of action entirely independent and apart from the one involved in the bill.

2. INJUNCTION—CANCELLATION OF INSURANCE POLICY—EQUITY WITH-
OUT JURISDICTION TO RESTRAIN TORT ACTION.

Although a court of equity has power to cancel a fire insurance
policy issued in a county in which insurer was not authorized
to do business, and to restrain an action to recover thereon, it
has no jurisdiction to restrain a tort action brought on the
theory that insurer was guilty of negligence and fraud and
deceit in issuing the policy.

Appeal from Midland; Hart (Ray), J. Sub-
mitted October 17, 1928. (Docket No. 110, Calendar
No. 33,944.) Decided January 7, 1929.

Bill by the Farmers' Mutual Fire Insurance As-
sociation of Midland, Isabella, and Gratiot counties,
and others against Nelson S. Smith and another for
the cancellation of a policy of insurance, and to en-
join an action at law. From a decree for plaintiffs,
defendants appeal. Affirmed in part and reversed
in part.

*Kinnane & Leibrand*, for plaintiffs.

*William A. Bahlke* and *Charles H. Goggin*, for
defendants.

Plaintiff insurance company is a mutual company
and was authorized to write insurance in the coun-
ties of Midland, Isabella, and Gratiot. In the fore
part of 1926, it decided to extend its activities to in-
clude Bay, Clare, Saginaw, and Gladwin counties.
It caused amendments to its articles of association
to be submitted to the insurance commissioner, but
the commissioner and the attorney general both dis-
approved them as submitted. James A. Reeder,
who lived at Clare, desired to there act as its agent
when the new territory was taken in and wrote
plaintiff. He was looked upon with favor, and sam-

ple copies of its policy and of applications for insurance were sent him. Defendant Nelson S. Smith owned a farm in Clare county with extensive buildings. He got in touch with Reeder and an application for insurance was filled out and the amount of the premium was paid to Reeder; later this application was sent in to the company. This was in March and before the company had succeeded in getting its matters with the insurance department straightened out, although it was expecting daily that it would be authorized to do business in the new territory. On March 30th, the house on Smith's farm burned; on April 8th, the company issued and sent to Smith its policy of insurance on the farm buildings. It was not then authorized to do business in Clare county; it did not know of the fire. Smith urged the company to pay the loss, but it denied liability. On June 5th, Smith brought suit in the Gratiot circuit against the company, William Woodcock, its president, August Rhode, its secretary, and Mr. Reeder. Before the declaration in that case was filed, the company alone filed this bill in the Midland circuit to cancel the policy and to perpetually restrain the Gratiot county action. When the declaration in the Gratiot county suit was filed, it was found that it counted solely in tort, charging as basis of recovery, negligence and fraud and deceit, and in no way was it sought to recover on the policy. The individual defendants in the Gratiot county suit later intervened in this suit and were joined as plaintiffs. Upon the hearing of the instant case, counsel for Mr. Smith conceded that the policy was of no force, and stated they were willing that a decree be entered canceling it. They, however, insisted that the Gratiot county action was one in tort, one which they had a right to try to a jury; that was in no

way connected with the policy; and that the rule that equity having acquired jurisdiction will retain it to adjust the matters in controversy between the parties does not extend to other causes of action entirely independent and apart from the one involved in the bill. They offered no proof, and here appeal from a decree which not only canceled the policy, but which also determined the facts involved in the Gratiot county case adversely to Mr. Smith's claim, and restrained him from further prosecuting that suit.

FELLOWS, J. *(after stating the facts).* It cannot be questioned since *John Hancock Mutual Life Ins. Co.* v. *Dick,* 114 Mich. 337 (43 L. R. A. 566), that in this State a court of equity has jurisdiction to cancel an outstanding insurance policy where grounds for equitable relief are present. Appellants' counsel do not question such jurisdiction, nor do they deny the general rule that a court of equity having assumed jurisdiction will retain it to settle the entire controversy, to do justice to the parties. They insist that such rule is not applicable where the matter in controversy between the parties is wholly independent, as it is here, of the matter which gave the court jurisdiction, i. e., the matter alleged in the bill. So far as we have been able to ascertain, the textwriters and courts sustain this contention. In 10 R. C. L. p. 374, it is said:

"Furthermore, it may be said that while the doctrine that equity having jurisdiction for one purpose disposes of all matters involved in the case, though some be of legal cognizance, is generally true where the rights concerned arise out of the same transaction, nevertheless it has no application where the rights involved grow out of other contracts or independent transactions."

In 21 C. J. p. 148, the rule is thus stated:

"The doctrine of retaining jurisdiction to settle the entire controversy is confined to the determination of rights dependent upon, or at least germane to, the subject-matter and main purpose of the bill. Jurisdiction will not be retained to adjust independent controversies between the parties, or controversies beyond the scope of that raised by the bill."

In *Poe* v. *Insurance Co.*, 126 Md. 520 (95 Atl. 164), it is held (quoting from the syllabus):

"The doctrine that equity will retain jurisdiction to settle the entire controversy is confined to the determination of rights dependent upon or germane to the subject-matters and main purposes of the bill. Jurisdiction will not be retained to adjust independent controversies between the parties, or controversies beyond the scope of that raised by the bill."

In *Haggins's Heirs* v. *Peck,* 10 B. Mon. (Ky.) 210, it was said by the court:

"It does not follow because a court of equity has jurisdiction of one matter of controversy between parties, that, therefore, it may proceed, for the purpose of putting an end to litigation, to take cognizance of all matters of controversy between the same parties, whether legal or equitable."

See, also, *Deepwater Co.* v. *Motter & Co.,* 60 W. Va. 55 (53 S. E. 705, 116 Am. St. Rep. 873); *Fulton* v. *Fisher,* 239 Mo. 116 (143 S. W. 438); *Lodor* v. *McGovern,* 48 N. J. Eq. 275 (22 Atl. 199, 27 Am. St. Rep. 446); *Harris* v. *Smith,* 133 Ark. 250 (202 S. W. 244); *Hooe* v. *Harrison,* 11 Ala. 499; 116 Am. St. Rep. 877, note; 1 Pomeroy, Equity Jurisprudence (3d Ed.), § 237.

Courts of equity are not provided with the necessary machinery to try the ordinary tort case. Parties to such actions are entitled to a trial by jury. The fact that such parties may have disputes properly cognizable by a court of equity does not draw to such court jurisdiction of independent controversies. Let us illustrate: "A" had a policy of accident insurance in "B" insurance company. "A" receives personal injuries by an automobile owned by the "B" insurance company and negligently operated by its agent. "A" claims that he is entitled to recover on his policy of insurance and also to recover in an action of tort for the negligent operation of the insurance company's car. Could it be successfully contended that the "B" insurance company by filing a bill to cancel the policy of insurance on the ground of fraud could and would thereby draw to the chancery court jurisdiction to try and determine the personal injury case upon the theory that the court of equity having acquired jurisdiction would retain it to settle all disputes between the parties? Manifestly not. The asking of the question furnishes its answer.

So far as the decree cancels the insurance policy, it is affirmed. So far as it decides the facts involved in the Gratiot county case and restrains its further prosecution, it is reversed. Appellants will have costs.

North, C. J., and Fead, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.