NATIONAL FIRE INSURANCE CO. *v.* YORK.

1. APPEAL AND ERROR—MOTION TO DISMISS.
   On appeal from denial of motion to dismiss bill, allegations of bill must be taken as true.

2. EQUITY—INSURANCE—CANCELLATION OF POLICY—FRAUD.
   Bill by insurer for cancellation of fire insurance policy on ground of fraud, *held,* to state case in equity.

3. SAME—ADEQUATE REMEDY AT LAW.
   Insurer is entitled to maintain suit in equity for cancellation of policy on ground of fraud, as against contention that it has adequate remedy at law in action on policy commenced by insured.

Appeal from Kent; Brown (William B.), J. Submitted April 10, 1930. (Docket No. 56, Calendar No. 34,876.) Decided June 2, 1930.

Bill by National Fire Insurance Company of Hartford, Connecticut, a corporation, against George York to cancel a fire insurance policy and enjoin insured from proceeding with action at law. From order denying defendant's motion to dismiss, he appeals. Affirmed.

*Smith & Searl*, for plaintiff.

*Michael Garvey*, for defendant.

CLARK, J. After defendant had commenced suit at law on a policy of fire insurance issued to him by plaintiff, plaintiff filed this bill to cancel the policy on the ground of fraud and to enjoin defendant from proceeding with the action at law. Defendant filed motion to dismiss the bill, and, this denied, he has appealed.

The allegations of the bill must be taken here as true. They are, in substance, that defendant applied for insurance representing falsely that it was sought on a dwelling house occupied as such, that plaintiff believed the representations, relied on them, and issued the policy as upon a dwelling house at the premium rate of 72½ cents per hundred dollars for a three-year term, that after loss it learned the building insured was not a dwelling but store or mercantile building, which, if the truth had been known, it could not have insured as a dwelling at the rate stated, but that if it had written a policy on the store building it would have been for one year at the rate of nearly $2 per hundred.

The bill praying cancellation states a case in equity.

It is argued that plaintiff has adequate remedy at law and in the law case. The law court may not cancel the policy. True, it may find it void for the fraud, but a long line of decisions in this State are that plaintiff nevertheless may resort to equity for cancellation. *John Hancock Mut. Life Ins. Co.* v. *Dick,* 114 Mich. 337 (43 L. R. A. 566); *Mactavish* v. *Kent Circuit Judge,* 122 Mich. 242; *Fidelity Mut. Life-Ins. Co.* v. *Blain,* 144 Mich. 218; *New York Life Ins. Co.* v. *Hamburger,* 174 Mich. 254; *Farmers' Mut. Fire Ins. Ass'n* v. *Smith,* 245 Mich. 514; *Fred Macey Co.* v. *Macey,* 143 Mich. 138 (5 L. R. A. [N. S.] 1036); *New York Life Ins. Co.* v. *Buchberg,* 249 Mich. 317.

Other matter urged and here considered is covered sufficiently by the cases cited.

Affirmed, with costs to plaintiff.

WIEST, C. J., and BUTZEL, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred with CLARK, J. POTTER, J., concurred in the result.