### GEORGIA POWER CO. v. HUDSON et al.
### No. 3117.

Circuit Court of Appeals, Fourth Circuit.
April 13, 1931.

H. J. Haynsworth, of Greenville, S. C. (Walter T. Colquitt, of Atlanta, Ga., C. F. Haynsworth, of Greenville, S. C., and W. C. Hughs, of Walhalla, S. C., on the brief), for appellant.

E. L. Herndon and R. T. Jaynes, both of Walhalla, S. C. (Broadus Thompson, of Walhalla, S. C., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and WEBB, District Judge.

PARKER, Circuit Judge.

This was a suit instituted in the court below to enjoin the prosecution by defendants of a number of actions for damages instituted by them against complainant. The jurisdiction of the federal court was invoked on the ground of diversity of citizenship; plaintiff being a Georgia corporation and defendants being residents of the state of South Carolina. Jurisdiction in equity was asserted on the ground that the bill was filed to avoid a multiplicity of suits. On motion of defendants, the suit was dismissed on the ground that as to no defendant did it involve the jurisdictional amount, that the amounts of their various claims could not be aggregated for the purpose of conferring jurisdiction, and that jurisdiction in equity to avoid a multiplicity of suits did not extend to the enjoining of the prosecution at law of actions for damages, such as had been instituted by defendants.

From the bill of complaint it appears that complainant is a public service corporation maintaining a power dam on the Tugalo river. The defendants own lands lying along the river below the dam. Complainant impounds water above its dam and releases it from time to time as the necessities of its business require, releasing a much greater volume at certain hours of the day than at others. Defendants have instituted in the state courts of South Carolina actions for damages, claiming that complainant, by interfering with the natural flow of the river so as to diminish the flow for a part of the time and increase it for the remainder, has damaged their lands and crops as a result of overflowing bottom lands, filling up drains, and deadening the current in creeks and ditches, thereby causing their lands to become saturated with water and unproductive.

It is not alleged that any of the defendants asks as much as $3,000 damages, and

it is admitted that none of the actions which complainant seeks to enjoin is for as much as this amount. It is alleged that defendants have "combined and confederated together" for the purpose of prosecuting their various suits, have employed the same counsel, and have agreed to render advice and assistance and furnish testimony to each other. There is no allegation of any fraudulent conspiracy between them, however, and no facts alleged upon which a charge of fraud or conspiracy could be based. Complainant alleges that it has a right to operate its dam as it is being operated, that the defense of the damage suits would involve great inconvenience and expense, and that it is entitled to have its rights determined in one suit and to an injunction forbidding defendants to further prosecute the actions which they have instituted.

■ We agree with the learned judge below that a sufficient ground for the dismissal of the bill is to be found in the fact that none of the claims of defendants amounts to as much as $3,000, and that only by aggregating them can the requisite jurisdictional amount be obtained. Complainant argues that the value of the right which it seeks to protect by injunction measures the amount in controversy, and that this right is the right to maintain its dam. The defendants, however, do not question the right of plaintiff, as a public service corporation, to maintain the dam. They seek merely to recover damages occasioned by its maintenance, for which they have not been compensated; and, as to each defendant, the only matter involved in his suit is the amount of damages sued for. Their claims are entirely separate and distinct from each other; and, as stated, there is no allegation of fraudulent conspiracy, such as was held to justify considering such claims in the aggregate for the purposes of jurisdiction in Woodmen of the World v. O'Neill, 266 U. S. 292, 45 S. Ct. 49, 69 L. Ed. 293, and McDaniel v. Traylor, 196 U. S. 415, 427, 25 S. Ct. 369, 49 L. Ed. 533. The case presented was clearly one for the application of "the settled general rule, frequently applied by this Court in tax cases, that in a suit based on diversity of citizenship brought against several defendants to enjoin the collection of claims against the plaintiff which are separate and distinct—although depending for their validity upon a common origin—the test of jurisdiction is the amount of each separate claim, and not their aggregate amount." Sanford, J., in Woodmen of the World v.

O'Neill, supra, at page 295 of 266 U. S., 45 S. Ct. 49, 50; Wheless v. St. Louis, 180 U. S. 379, 21 S. Ct. 402, 45 L. Ed. 583; Citizens' Bank v. Cannon, 164 U. S. 319, 322, 17 S. Ct. 89, 41 L. Ed. 451; Walter v. Northeastern R. Co., 147 U. S. 370, 13 S. Ct. 348, 37 L. Ed. 206; Eaton v. Hoge (C. C. A. 8th) 141 F. 64, 5 Ann. Cas. 487, and note and cases there cited; Hagge v. Kansas City S. Ry. Co. (C. C.) 104 F. 391.

■ And, without regard to the jurisdictional amount, we do not think that a suit like this to enjoin the prosecution in the state courts of actions at law for damages can be maintained for two reasons: (1) Because the federal courts are expressly forbidden by statute to enjoin such proceedings in state courts; and (2) because a federal court of equity has no jurisdiction, for the purpose of avoiding a multiplicity of suits, to enjoin the prosecution of such actions, irrespective of the court in which they are pending.

On the first question the statute, 28 USCA § 379, provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

There can be no question, we think, but that this statute forbids the granting of such an injunction as was sought by the bill here. Riehle v. Margolies, 279 U. S. 218, 49 S. Ct. 310, 73 L. Ed. 669; Hull v. Burr, 234 U. S. 712, 34 S. Ct. 892, 58 L. Ed. 1557; U. S. v. Parkhurst-Davis Co., 176 U. S. 317, 20 S. Ct. 423, 44 L. Ed. 485; Dial v. Reynolds, 96 U. S. 340, 24 L. Ed. 644; Haines et al. v. Carpenter, 91 U. S. 254, 257, 23 L. Ed. 345. The case last cited is directly in point. There three suits had been instituted in the state court, and the jurisdiction of the federal court of equity to enjoin them was invoked for the purpose of preventing a multiplicity of suits. In affirming the dismissal of the bill, the court, speaking through Mr. Justice Bradley, said: "In the first place, the great object of the suit is to enjoin and stop litigation in the State courts, and to bring all the litigated questions before the Circuit Court. This is one of the things which the Federal courts are expressly prohibited from doing. By the act of March 2, 1793, it was declared that a writ of injunction shall not be granted to stay proceedings in a State court. This prohibition is repeated in sec. 720 of the Revised Statutes, and extends to all cases except where otherwise provided by the Bankrupt Law. This

objection alone is sufficient ground for sustaining the demurrer to the bill."

And we think it equally clear that there was no jurisdiction in equity to enjoin the prosecution of these actions at law on the ground of avoiding a multiplicity of suits. Defendants in the actions instituted were asking damages at law; and, under the Seventh Amendment to the Constitution of the United States, were entitled to have their cases tried at law and before a jury, if they were tried in the federal courts. Is it thinkable that this constitutional right can be defeated by reason of the fact that a number of persons have brought suits of a similar character? Does the fact that a tort injures a number of persons who sue for damages entitle the tort-feasor, by filing a bill to prevent a multiplicity of suits, to deprive the injured persons of the jury trial guaranteed them by the Constitution? We do not think so.

We have carefully examined the cases bearing upon the right of a court of equity to enjoin the prosecution of actions at law for the purpose of avoiding a multiplicity of suits; and we think the correct rule, and the one sustained by the weight of authority, is that community of interest among the several parties in the questions of law and fact involved is not sufficient to confer jurisdiction upon the court to enjoin the prosecution of such actions, though they be brought against the same defendant and involve the same state of facts. As a basis for such jurisdiction in equity, there must be some recognized ground of equitable interference, or some community of interest in the subject-matter of controversy, or a common right or title involved, or some common purpose in pursuit of a common adversary. None of these exists in the case of actions for damages brought by numerous plaintiffs, although all may arise out of the same wrongful act and involve the same principles of law. For a full discussion of the matter, see Tribette v. Illinois Central R. Co., 70 Miss. 182, 12 So. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642; Southern Steel Co. v. Hopkins, 174 Ala. 465, 57 So. 11, 40 L. R. A. (N. S.) 464, Ann. Cas. 1914B, 692; Roanoke Guano Co. v. Saunders, 173 Ala. 347, 56 So. 198, 35 L. R. A. (N. S.) 491; National Tube Co. v. Smith, 57 W. Va. 210, 50 S. E. 717, 1 L. R. A. (N. S.) 195, 110 Am. St. Rep. 771; Illinois Steel Co. v. Schroeder, 133 Wis. 561, 113 N. W. 51, 14 L. R. A. (N. S.) 239, 126 Am. St. Rep. 977; Ducktown Sulphur, Copper & I. Co. v. Fain, 109 Tenn. 56, 70 S. W. 813; Lehigh Valley R. Co. v. McFarlan, 31 N. J. Eq. 730; St. Louis, etc., R. Co. v. McKnight, 244 U. S. 368, 37 S. Ct. 611, 61 L. Ed. 1200; Kansas City Sou. R. Co. v. Quigley (C. C.) 181 F. 190; Barston v. Mingo Drainage Dist. (D. C.) 264 F. 224.

After an examination of .the conflicting authorities, the rule followed by the majority of the courts of this country, and the only rule which it is permissible for the federal courts to follow in view of the constitutional guaranty of trial by jury in actions at law, is thus stated in 10 R. C. L. 284:

"Despite the reasoning of the authorities cited in the preceding paragraph, the larger number of cases and especially the more recent ones seem to incline toward confining the jurisdiction of equity within a narrower field, in order to conserve and preserve in its full integrity the right of trial by jury. Thus, in some it is said to be a fundamental proposition that a person who seeks to come into equity must himself have an equity, and that jurisdiction on the ground of preventing multiplicity of suits should not be entertained merely to lessen the labors of the court appealed to, or of other courts; and the wholly fortuitous, accidental, and collateral fact that numerous other persons have like, but entirely independent and disconnected, legal rights, estates, or defenses cannot, on any conceivable principle, invest him with any right, legal or equitable, and his rights, whatever they may be, are precisely the same as if no other person had similar rights. Consequently the trend of the authorities is to the effect that there must be at least some well recognized ground of equitable interference, or some community of interest in the subject-matter of the controversy, or a common right or title on which all the separate claims and the questions at issue depend, or there must be some common purpose in pursuit of a common adversary where each may resort to equity in order to invoke its aid to adjudicate in one suit the rights of numerous different parties whose claims are separate and distinct; and the mere fact that their separate rights will require the application of the same principle of law, and that their right originally sprang from the same source, is not sufficient. Thus, a defendant who has committed a tort by which he injured one or a hundred persons has no equity to prevent each and every one of them from maintaining an action against him to recover damages. If there had been a combination or conspiracy between such numerous parties to vex and harass the complainant by numerous suits, then he would

have an equity to enjoin their prosecution; but the fact that his tort has injured a hundred persons, and that it will save him and the court time and lessen the expenses of the litigation, does not give him any equity to go into a court of chancery to enjoin or prevent a multiplicity of suits."

See, also, 14 R. C. L. 352.

The case of International Organization, etc., v. Red Jacket Coal & Coke Co. (C. C. A. 4th) 18 F.(2d) 839, has no application to the case here. The question there involved was the right of joinder in the case of suits of which there was unquestionably jurisdiction in equity. Here the question is the right of equity to take jurisdiction because of the joinder, where no other ground of equitable jurisdiction is shown to exist. The distinction is obvious.

There was no error, and the order dismissing the bill for lack of jurisdiction will be affirmed.

Affirmed.