**TRAVELERS INS. CO. v. HELMER et al.**

**No. 804.**

District Court, N. D. Georgia, Atlanta Division.

May 5, 1936.

Neely, Marshall & Greene, of Atlanta, Ga., for complainant.

Walter S. Dillon, of Atlanta, Ga., for defendant.

SIBLEY, Circuit Judge.

The motion to dismiss the bill is for decision. The bill states that the insurance company has four policies held by James Harry Helmer. Two of them carry disability benefits. Two of them involve credits on premium in case of disability. The parties have a controversy as to each policy on the sole question whether there is present disability. Suits are about to be filed for disability benefits on the two policies first named. There is a general fear of some sort of litigation to settle the status of the two policies last named. The bill asserts no equity to enjoin the two suits about to be filed at law except the avoidance of a multiplicity of suits. In the light of Boise Artesian Water Co. v. Boise City, 213 U.S. 276, 29 S.Ct. 426, 53 L.Ed. 796; New York Life Ins. Co. v. Marshall (C.C.A.) 23 F.(2d) 225; and Georgia Power Co. v. Hudson (C.C.A.) 49 F.(2d) 66, 75 A.L.R. 1439, I think this equity insufficient to sustain the bill. The insured has a right to a trial by a jury at law of the issue of fact as to his present disability. The insurance company can defend that issue in one suit and plead the result by way of estoppel by judgment in the other suit. It seems to me that to require this is not inequitable or vexatious, but correctly recognizes the rights of all parties under their contracts. Where a number of claims are asserted by different persons, the case is different, because the result of one trial there cannot be pleaded in the others. The case is also different from the classic one of repeated suits in ejectment about the same title, because there was no estoppel by judgment there. An injunction in my opinion against prosecution of the suits on the two policies at

law ought to be denied, and the bill, so far as it seeks that relief, is dismissed.

 The bill also seeks a declaratory judgment to settle the status of the two policies on which no benefits are presently payable. The issue there is whether the insured ought to pay, and the insurance company is entitled to collect full premiums in order to maintain the policies in being. Both parties are interested in knowing their rights in this respect. The status of these policies is important to both to be determined. The remedy by declaratory judgment seems to be of ideal application to such a case. The bill sufficiently states an actual, existing controversy between the parties touching the status of these two policies to enable a federal court to ascertain and declare it.

I will therefore overrule the motion to dismiss so far as the bill asks for this relief on these two policies. An order may be prepared accordingly.