## McDANIEL *v.* TRAYLOR.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

No. 70. Submitted January 12, 1909.—Decided February 23, 1909.

Where a number of claims are so tied together by combination or conspiracy as to make the relief sought in regard thereto one claim, the aggregate amount of such claims will be the test of jurisdiction of the Circuit Court; but if the plaintiff fails to prove such combination or conspiracy each claim must be regarded as separate, and, as to those which are less than $2,000, the Circuit Court has not jurisdiction.

An attorney must be the agent of all to bind all; and a plaintiff charging a conspiracy between certain claimants and an administrator

cannot satisfy the burden of proof which is on him to show that all conspired, by showing that the same person was attorney for several of the defendants, as no presumption exists that he was attorney for all from the fact that, as attorney for the administrator, he advised the payment of all the claims.

THE facts are stated in the opinion.

*Mr. G. B. Webster* and *Mr. J. R. Beasley* for appellants:

The Circuit Court erred in holding that it had no jurisdiction because the complainants failed to prove any joint act of two or more of the defendants tending to procure the fraudulent allowance of their claims.

The gravamen of the charge in the bill was that the defendants conspired with the administrator and thereby procured the allowances which otherwise would not have been made.

The evidence was that the attorney for the administrator advised the latter to allow all the claims while he was, unbeknown to the administrator, acting as attorney for one of the claimants. The present record discloses Williams as the attorney for all of those claimants, including that one which he then secretly represented. These facts justify the conclusion that in procuring the administrator to allow as expenses of administration what were not valid claims of any nature, he was acting for all whose claims were so allowed. If he was, then his act was their joint act because done in their business and for their benefit. *Bethel Church* v. *Carmack*, 2 Md. Ch. 143; *Chambers* v. *Hodges*, 23 Texas, 104; *I. P. & C. R. R.* v. *Tyng*, 63 N. Y. 653; *Griswold* v. *Gebbie*, 126 Pa. St. 353; *Craig* v. *Ward*, 2 Keyes, 287.

The law only requires the highest quality of proof possible. Where the fact to be proved rests in the knowledge of the other party and he stands silent when evidence is given of other facts from which the ultimate fact to be proved may reasonably be inferred, it is to be considered as sufficiently proven. Greenleaf, Evidence (16th ed.), § 79; 1 Starkie, Evidence, 54; *Lehman* v. *Knapp*, 48 La. Ann. 1148; *S. C.*, 20 So. Rep. 674;

*Commonwealth* v. *Webster*, 5 Cush. 316; *Heath* v. *Waters*, 40 Michigan, 457; *Conn. M. L. Ins. Co.* v. *Smith*, 117 Missouri, 261; *Mabary* v. *McClurg*, 74 Missouri, 575; *Runkle* v. *Burnham*, 153 U. S. 225; *Choctaw & M. R. Co.* v. *Newton*, 140 Fed. Rep. 238; *Gulf, C. & S. Ry.* v. *Ellis*, 54 Fed. Rep. 481; *Pac. C. S. Co.* v. *Bancroft W. Co.*, 94 Fed. Rep. 180; *Kirby* v. *Talmadge*, 160 U. S. 379.

In a case of this nature the value of the property upon which the invalid lien rests rather than the amount involved in the lien, is the true test of jurisdiction. The judgment allowing these claims is a cloud upon complainants' title. *Smith* v. *Adams*, 130 U. S. 175; *Parker* v. *Morrill*, 106 U. S. 1. Both are followed in *Simon* v. *House*, 46 Fed. Rep. 317.

In a suit to quiet title it is not the value of the defendant's claim that constitutes the amount in controversy; it is the value of the whole of the real estate to which the claim extends. *Woodside* v. *Ciceroni*, 93 Fed. Rep. 1; *Smith* v. *Adams*, *supra*, was also followed in *Cowell* v. *Water Supply Co.*, 121 Fed. Rep. 53.

In the state courts, by the weight of authority, the rule is the same. *Fuller* v. *Grand Rapids*, 40 Michigan, 395; *Scripture* v. *Johnson*, 3 Connecticut, 211; *Simon* v. *Richard*, 42 La. Ann. 842; *Kahn* v. *Kerngold*, 80 Virginia, 342; *Ayers* v. *Blair*, 26 W. Va. 558.

*Mr. N. W. Norton* and *Mr. R. W. Nichols* for appellees.

Mr. Justice McKenna delivered the opinion of the court.

This is the second appeal in this case. The first appeal was on a question of jurisdiction, and is reported in 196 U. S. 415. The object of the suit is to set aside and to declare invalid the liens of certain judgments of the Probate Court of St. Francis County, Arkansas, upon certain real estate, and that the defendants be enjoined from enforcing such judgments. The judgments were rendered upon claims against the estate of Hiram Evans, deceased.

James Evans was appointed administrator of the estate. Among the assets which came to his hands was a drug store, with its stock of goods, fixtures, book accounts and other things, which he sold to John Evans on the first of May, 1891. The latter conducted the business in his own name and incurred obligations to the defendants aggregating $3,000.00, as well as debts and obligations to other persons, but no single one of his debts exceeded $2,000.00. John Evans became insolvent, and on May 27, 1892, transferred to the administrator the drug store and all that remained of the goods, fixtures and book accounts. The bill alleged that the defendants "conspired, colluded and confederated together with John Evans and the administrator to secure the payment of their claims and demands against John Evans out of the estate of Hiram Evans, deceased," and, "so conspiring and confederating," they presented to the Probate Court their several claims and demands, and that the administrator, James Evans, fraudulently and illegally approved them for allowance against the estate of Hiram Evans. And for like purpose, it was alleged, they procured the judgment of the Probate Court, establishing their claims by concealing from the court that they were debts and obligations of John Evans and "cloaking the same under the name of expenses of administration of the said estate, all of which transactions were a part of the same scheme and were participated in by each and all of the said defendants and by said John Evans and James Evans, administrator." It was further alleged that the judgments were wholly the result of the conspiracy and confederation set out and the fraud practiced in pursuance thereof, and are in equity and good conscience void and ineffectual for any purpose whatever, and ought not to be enforced, but that, nevertheless, the same are at law "liens upon the real estate" described in the bill, "and charges against the respective interests of the plaintiffs." There were other allegations showing that plaintiffs could only obtain relief in equity.

The Circuit Court sustained a demurrer to the bill, being of

opinion that the value of the matter in dispute was not sufficient to give jurisdiction. On appeal to this court, we said, defining the matter in dispute and its value:

"The matter in dispute is whether the lands in which the plaintiffs have a joint undivided interest of one-half can be sold to pay *all* the claims, *in the aggregate,* which the defendants, by *combination and conspiracy,* procured the Probate Court to allow against the estate of Hiram Evans. The essence of the suit is the alleged fraudulent combination and conspiracy to fasten upon that estate a liability for debts of John Evans, which were held by the defendants and which they, acting in combination, procured, in coöperation with James Evans, to be allowed as claims against the estate of Hiram Evans. By reason of that combination, resulting in the allowance of all those claims in the Probate Court, as expenses of administering the estate of Hiram Evans, the defendants have so tied their respective claims together as to make them, so far as the plaintiffs and the relief sought by them are concerned, *one* claim."

And we further said:

"That it was competent for the Circuit Court upon the case made by the bill to deprive the defendants, acting in combination and claiming the benefit of the orders made in the Probate Court allowing their respective claims. That the value of the matter in dispute in the Circuit Court was the aggregate amount of all the claims so allowed against the estate of Hiram Evans."

The decree of the Circuit Court was reversed with directions to set aside the order dismissing the bill and to overrule the demurrer.

Upon the return of the case to the Circuit Court defendants answered, and the court, after hearing evidence, found that there was a "total failure to establish the fact alleged in the bill, that the said defendants or any two or more of them, whose claims in the aggregate exceeded the sum of $2,000, exclusive of interest, conspired and confederated together in procuring

the allowance of said claims, and therefore the court is without jurisdiction."

On this ruling errors are assigned, and it is contended (1) that an actual conspiracy was not necessary where the action and conduct of the defendants, acting by and through their attorneys with the attorney of the administrator, were such as to procure the fraudulent allowance of the claims; (2) that the true test of jurisdiction in a proceeding of this kind is the value of the property upon which the inequitable liens rest, and not the amount of such liens.

The first proposition was decided adversely to appellants' contention on the former appeal. As we have already seen, it was the fraudulent combination and conspiracy which united the claims and made the aggregate of the claims the matter in dispute. By reason of that combination we decided the claims were "so tied" together as to make them, "so far as the plaintiffs and the relief sought by them are concerned, *one* claim." We further decided, "the validity of all the claims depends upon the same facts. The lien on the lands which is asserted by each defendant has its origin as well in the combination to which all were parties as in the orders of the Probate Court, which, in furtherance of that combination, were procured by their joint action. Those orders were conclusive against the plaintiffs, as to all the claims, if the claims could be allowed at all against the estate of Hiram Evans. A comprehensive decree by which the plaintiff can be protected against those orders will avoid a multiplicity of suits, save great expense and do justice. If the plaintiffs do not prove such a combination and conspiracy, in respect, at least, of so many of the specified claims as in the aggregate will be of the required amount, then their suit must fail for want of jurisdiction in the Circuit Court; for, in the absence of the alleged combination, the claim of each defendant must, according to our decisions, be regarded, for purposes of jurisdiction, as separate from all the others." With this ruling the decision of the Circuit Court was accurately in accord.

But the finding of the court, that there was no combination between defendants having claims to the jurisdictional amount, is contested. "The specific and material charge is," counsel say, "that there was an agreement or understanding between the defendants on the one hand and the administrator on the other." And it is contended further that parties may "conspire through their attorneys as well as in person." This may be conceded, but the attorney must be the agent of all to bind all, and the testimony does not establish such agency. It shows only that the attorney for one of the claimants was also the attorney for the administrator and advised him to allow all the claims. It is not shown that he was the attorney of any other claimant. It is, however, contended that it must be presumed that he was attorney for all from the fact of his having advised the payment of all, and from the fact that he is the attorney for several of the claimants in this case. The presumption cannot be made. It was easy for appellants to have shown that he was the attorney for the other claimants. He and they were available witnesses, and as the burden was upon appellants to establish the charge of the conspiracy, which was the foundation of the suit, the presumptions are against appellants' contention rather than for it.

*Decree affirmed.*