## SOUTHERN GROCERY STORES, Inc., et al. v. HOLLIS et al.

### No. 3433.

Circuit Court of Appeals, Fourth Circuit.

Feb. 4, 1933.

Marion Smith, of Atlanta, Ga., and Alva M. Lumpkin, of Columbia, S. C. (Harold Hirsch and M. E. Kilpatrick, both of Atlanta, Ga., Sam E. Young and Robert S. Young, both of Knoxville, Tenn., Pinckney L. Cain, of Columbia, S. C., and J. H. Glenn, of Chester, S. C., on the brief), for appellants.

David A. Gaston, of Chester, S. C., and J. E. McDonald, Jr., of Winnsboro, S. C. (A. L. Gaston, David Hamilton, and Angus H. MacAulay, all of Chester, S. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

## PER CURIAM.

This is an appeal from a decree dismissing a bill in equity, the purpose of which was to enjoin the prosecution of twelve actions for damages instituted against complainants in a court of the state of South Carolina. Each of the actions sought damages in the sum of $3,000, and a different person was plaintiff in each. The allegation of the plaintiff in each case was that he had been damaged as the result of eating flour manufactured by one of the complainants here and sold by the other, the allegation being that the flour contained poison. The judge below, while intimating that in his opinion the evidence before him would justify the direction of a verdict for the defendants in the actions pending in the state court, found that there was no fraudulent conspiracy on the part of the plaintiffs therein to institute groundless suits against the defendants and dismissed the bill.

We think that the decree dismissing the bill was correct. We have carefully examined the evidence in the record before us; and, without passing in any way upon the merits of the actions instituted in the state court, we do not think that we would be justified in holding upon the evidence that these actions were instituted pursuant to a fraudulent combination or conspiracy such as would warrant a court of equity in granting an injunction under the decisions in Sovereign Camp, W. O. W., v. O'Neill, 266 U. S. 292, 45 S. Ct. 49, 69 L. Ed. 293, and McDaniel v. Traylor, 212 U. S. 428, 29 S. Ct. 343, 53 L. Ed. 584; Id., 196 U. S. 415, 25 S. Ct. 369, 49 L. Ed. 533. The case is governed by the decision of this court in Georgia Power Co. v. Hudson (C. C. A.) 49 F.(2d) 66, 75 A. L. R. 1439, and the cases cited in the opinion in that case. Federal courts are loath to interfere with proceedings in the courts of a state unless the necessity for such action is clear.

The decree appealed from will be affirmed and mandate will issue forthwith, to the end that the interference with the proceedings in the state court may be removed without delay.

*Affirmed.*