## PIONEER PYRAMID LIFE INS. CO. v. HUGHEY et al.

### No. 3829.

Circuit Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1935.

Decided April 2, 1935.

Pinckney L. Cain and Alva M. Lumpkin, both of Columbia, S. C. (Thomas, Lumpkin & Cain, of Columbia, S. C., and Hunter Marshall, Jr., of Charlotte, N. C., on the brief), for appellant.

Edwin H. Cooper, of Columbia, S. C. (J. Hughes Cooper and J. A. Hutto, both of Columbia, S. C., on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and McCLINTIC, District Judge.

PARKER, Circuit Judge.

This is an appeal from a decree denying an injunction to restrain the prosecution of actions at law in the courts of the state of South Carolina. The complainant is the Pioneer Pyramid Life Insurance Company. The defendants are policemen and firemen of the city of Columbia, S. C., who until June 1, 1933, were insured under a group insurance policy issued by the Pioneer Insurance Company of Green-

ville, S. C. In the year 1932 that company was consolidated with the complainant.

It appears that, after the consolidation of the two insurance companies in 1932, complainant attempted to cancel the group insurance policy which had been issued by the Pioneer Insurance Company to defendants in 1928, by giving notice of cancellation pursuant to a provision of that policy which authorized such cancellation on any anniversary date upon the giving of thirty days' notice by the company. A controversy having arisen as to whether cancellation had been properly effected, suit was instituted by the company in January, 1933, to determine the matter. The court found that notice sufficient to cancel the policy was not given until August 15, 1932, and that it did not effect a cancellation until the next anniversary date, which was June 1, 1933. On September 8, 1933, a decree was entered that the policy be canceled as of June 1, 1933, and the bringing of suits on claims arising after that date was enjoined. The decree contained, also, certain provisions as to suits on claims arising prior to June 1, 1933, but these were stricken out by a supplemental decree dated June 6, 1934.

On November 19, 1934, complainant filed in the original suit a petition, treated by the judge below as a proceeding in the nature of a bill of review, alleging that fifty-seven persons, claiming to be certificate holders under the group policy, had filed actions in the county court of Richland county, S. C., asking damages in the sum of $3,000 each on account of alleged breach of the policy contract by complainant prior to June 1, 1933, and that complainant was informed that numerous other actions of similar character were about to be filed against it by other certificate holders. All of the complaints in these actions were alleged to be of the same character; and one, as typical of all, was attached as an exhibit to the petition. It alleged that the complainant in this suit, defendant in that, entered upon a fraudulent scheme in June, 1932, to cancel the group policy in question and substitute in lieu thereof a policy of a different character from which disability and other benefits would be eliminated, and that as a result of this fraudulent scheme plaintiff had been damaged in that he had paid premiums on the insurance policy for several months at the rate of $1.10 per month. The complaint asked dam-

ages in the sum of $3,000; but it does not appear in what respect plaintiff was damaged, as there is no allegation that plaintiff was entitled to any disability benefits under the old policy nor any showing that that policy did not remain in effect until the cancellation on June 1, 1933, or so long as premiums were properly paid by the certificate holders.

On November 23, 1934, the court below denied the prayer of the petition, holding that it had no power to enjoin the prosecution of suits asserting causes of action alleged to have arisen prior to the date as of which the policy was canceled, and that, in so far as the prior decree of the court could be held to adjudicate any of the matters at issue in the state court, complainant had a complete and adequate remedy at law in the right to plead the decree as an estoppel in the state court. From the order denying injunctive relief, complainant has appealed.

The position of complainant, if we understand its brief and argument, is: (1) That all matters growing out of its attempt to cancel the policy were concluded by the decree of September 8, 1933, and that the court should protect it by injunction from being further harassed with respect to anything that was there in issue or which might have been put in issue; and (2) that injunctive relief should be granted on the additional ground of avoiding a multiplicity of suits. We do not think that either of these positions can be sustained.

The sole matter involved in the suit originally before the court was the right of complainant to have the policy canceled. Complainant was contending that it had given the proper notice for cancellation on June 1, 1932, and asked that the court decree that it had been canceled as of that date. The court found against complainant on its contention as to this, but held that the notice resulted in cancellation as of June 1, 1933, and enjoined only the institution of actions on alleged claims arising after that date. Claims arising under the policy prior to June 1, 1933, were not affected by the decree, and there was no occasion whatever for the court to enjoin the prosecution of such claims for the purpose of making effective the relief granted. If there was anything in the proceedings relating to cancellation which would constitute an estoppel against the prosecution of any of the actions which have been instituted in the state court, as to which we ex-

press no opinion, the remedy at law is plain, adequate and complete. An estoppel based upon the principle of res judicata is asserted, not by injunction in the original cause, but by defensive pleading in the action to which the defense is applicable. 15 R. C. L. 1045. And it is well settled that where the remedy at law is plain, adequate, and complete, resort to equity is not permissible. 28 USCA § 384; Enelow v. N. Y. Life Ins. Co., 293 U. S. 379, 55 S. Ct. 310, 79 L. Ed. ——.

And we think it equally clear that there is no jurisdiction in equity on the ground of avoiding multiplicity of suits. Each plaintiff in the actions in the state court is asserting a cause of action for damages which is entirely independent of that asserted by the other plaintiffs, although all grow out of the same group policy; and each plaintiff, if he has a cause of action at all, is entitled to have it tried by a jury. And it is too clear for argument that complainant cannot, by the simple expedient of joining these plaintiffs as defendants in a federal equity suit, draw into the federal court of equity a number of suits none of which involves any equitable principle or even the amount requisite to federal jurisdiction. We have discussed the question involved in a number of recent cases and need not go into it further. Broderick v. American General Corp. (C. C. A. 4th) 71 F.(2d) 864, 870, 94 A. L. R. 1359; Pacific Mut. Life Ins. Co. v. Parker (C. C. A. 4th) 71 F.(2d) 872, 873; Southern Grocery Stores v. Hollis (C. C. A. 4th) 63 F.(2d) 351; Georgia Power Co. v. Hudson (C. C. A. 4th) 49 F.(2d) 66, 75 A. L. R. 1439. As said by the Supreme Court in the recent case of Matthews v. Rodgers, 284 U. S. 521, 529, 530, 52 S. Ct. 217, 221, 76 L. Ed. 447: "In general, the jurisdiction of equity to avoid multiplicity of suits at law is restricted to cases where there would otherwise be some necessity for the maintenance of numerous suits between the same parties, involving the same issues of law or fact. It does not extend to cases where there are numerous parties plaintiff or defendant, and the issues between them and the adverse party are not necessarily identical."

In Broderick v. American General Corp., supra, we dealt with the question as to whether jurisdiction in equity could be invoked, on the ground of avoiding multiplicity of suits, where a number of stockholders of an insolvent bank were sued to enforce their statutory liability; and what we said there in denying the jurisdiction is applicable here. We said: "It must be manifest that an action at law does not lose its character as such because another action at law exists in favor of the same plaintiff or against the same defendant; for the character of an action is determined by the questions which it involves, not by the fact that other actions involve the same questions. It would be absurd to say that a suit against one stockholder to enforce his statutory liability is at law with right of jury trial guaranteed, but that, if by chance other persons with whom he is in no way connected are also liable, he may be sued with them in equity and a jury trial denied him. The guarantees of the Constitution are substantial rights of the citizen which may not be thus whistled away for reasons of supposed convenience."

In Georgia Power Co. v. Hudson, supra, we held that there was no jurisdiction in equity, on the ground of preventing a multiplicity of suits, to enjoin a number of actions at law on separate claims of several landowners for damages, although the damages in all the cases resulted from a single dam maintained by the defendant in such actions, and although all the cases involved the same principles of law. The rule there laid down is clearly applicable here.

We have considered whether, under the doctrine of Sovereign Camp, W. O. W. v. O'Neill, 266 U. S. 292, 45 S. Ct. 49, 69 L. Ed. 293, jurisdiction in equity could not be sustained on the theory that there was a conspiracy to harass plaintiff by the prosecution of groundless suits, but there is neither allegation nor proof of the fraudulent conspiracy necessary to bring the case here within that doctrine.

There was no error in the decree appealed from, and same will accordingly be affirmed.

Affirmed.