**EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES v. TEMPLETON et al.**

No. 866.

District Court, E. D. South Carolina.

July 27, 1936.

Thomas, Lumpkin & Cain, of Columbia, S. C., for plaintiff.

E. J. Best, of Columbia, S. C., for defendants.

MYERS, District Judge.

Based on the verified complaint herein, this court heretofore issued its rule to show cause to the defendants, and each of them, to appear before this court and make return, if any, to the complaint filed herein and to show cause why the relief demanded should not be granted, and further why an injunction should not issue restraining the defendants, and all persons in like position, from filing suits in any other court, or taking any proceedings against the plaintiff regarding a certain group policy of insurance issued to the Southern Railway Company and its subsidiaries by the Equitable Life Assurance Society of the United States, and under which group policy certain certificates were issued to the defendants.

After taking full testimony in the case, and considering all the evidence presented and the contentions of the plaintiff and of the defendants, the court is of opinion that the relief prayed for in the complaint should be granted.

From the allegations of the complaint, and from the evidence submitted, it appears that heretofore under date of March 24, 1922, a master group policy was issued to the Southern Railway Company and its subsidiaries by the Equitable Life Assurance Society of the United States, said group policy being numbered 1484, and it further appears that numerous certificates were issued pursuant to the terms of said group policy to a large number of the employees of Southern Railway Company and its subsidiaries, and including certificates to the defendants, L. F. Templeton, James H. White, J. H. Dent, Robert Jackson Brock, Samuel B. Corbett, and John C. Kirkland, the said certificates being dated at various and sundry times and being numbered and in amounts as follows:

L. F. Templeton, certificate No. 1484–2376, originally issued for $3,000.

James H. White, certificate No. 1484–3016, originally issued for $2,000.

Robert Jackson Brock, certificate No. 1484–537, originally issued for $3,000.

486

Samuel B. Corbett, certificate No. 1484–3188, originally issued for $3,000.

J. H. Dent, certificate No. 1484–4384, originally issued for $2,000.

John C. Kirkland, certificate No. 1484–3374, originally issued for $2,000.

When the hearing came on before the court, the counsel for both plaintiff and the defendants announced that the defendant John C. Kirkland had been eliminated from the case, because, as plaintiff's counsel stated, it appeared after full investigation that he had a cause of action which arose prior to the cancellation of the policy, and for that reason his case had been settled, and this court entered its order dismissing the said John C. Kirkland as a party defendant.

It will be further noted that the plaintiff in addition to naming the defendants as above also names them "as a class representing any and all persons whomsoever having or claiming to have any rights under and pursuant to a certain group life policy and/or certificates issued thereunder, dated March 24, 1922, and numbered Group Policy 1484."

■ By the proof and the terms of the original group policy it was shown in evidence in the case that a very large number of employees of the Southern Railway Company and its subsidiaries had from time to time been certificate holders under the group policy, and for the purpose of this action and so that there might be a final adjudication as to whether the group policy in question and the certificates issued thereunder were lawfully canceled, the court finds and holds that the named defendants are appropriately brought into the case as a class representing all other persons holding like certificates under the group policy in question. As is hereinafter stated, however, this finding and holding is not intended to apply to any certificate holder who may have had a contractual right arising prior to the date of the cancellation of the contract, to wit, the 23d of March, 1933.

The general relief demanded by the plaintiff here is that the group policy described above and all certificates thereunder be declared by this court to have been canceled and terminated under date of March 23, 1933.

The defendants appeared and made full return, and in effect set up four contentions:

First. That in a former action brought in equity in this court involving the same group policy when terminated by voluntary dismissal became res adjudicata of all rights of the plaintiff in the present proceeding and that such final voluntary order of dismissal ends the right of the plaintiff to bring the present action.

Second. That under section 7994 of the Code of Laws of South Carolina, volume 3, 1932, the plaintiff cannot rely upon the terms of the group policy because its terms are not set forth in its certificates held by the defendants, and only the conditions set forth in the policy held by the defendants can be considered by this court under this section of the Code.

Third. That the amount in controversy did not exceed $3,000 exclusive of interest and costs.

Fourth. The defendants claim that the plaintiff has a full, adequate, and complete remedy at law, and therefore this proceeding will not stand.

The plaintiff, after presenting copy of the original group policy, together with all amendments, offered in addition thereto copies of all certificates issued to the several defendants named above together with the amendments to such certificates as to the amounts thereof, and further offered in evidence copies of the complaints filed by each of the defendants in the county court for Richland county, S. C., wherein the defendants named herein have each brought suit against the Equitable Life Assurance Society of the United States claiming $3,000 damages for alleged breach of contract accompanied by fraudulent act, the said alleged breach having involved the group policy in question, No. 1484, and the certificates issued thereunder, to each of the defendants above named.

The plaintiff then offered the evidence of Mr. John B. Hyde, vice president of the Southern Railway, wherein the group policy in question was discussed by the witness and he called attention to the provision of the group policy wherein it is provided, "that renewal of the policy shall be conditioned upon the fact that 75% of the employees eligible for insurance at any anniversary of the register date and not less than fifty employees shall then be insured hereunder, otherwise the Society shall have the option of declining to renew the policy." The register date of the policy is March 23 in each year and must be renewed annually upon payment of the premium re-

quired. Mr. Hyde, as vice president of the Southern Railway Company, states in his testimony: "The policy was about to terminate on its anniversary, March 23, 1933, and the question for determination was whether or not it was economically feasible to continue the plan with the consequent renewal of the insurance policy. The studies which were inaugurated under my jurisdiction showed the failure of eligible employees to come into the group, the large number of cancellations which had taken place during the policy year about to end on March 23, 1933, together with the drastic increase in rate which would have to be paid as premiums by the remaining members of the group, and these facts determined the management to decide that it was not feasible that the plan be carried forward."

The witness then files in evidence a copy of letter written to William J. Graham, Esq., vice president of the Equitable Life Assurance Society of the United States, dated February 1, 1933, reading in part as follows: "Policy No. 1484, issued by The Equitable Life Assurance Society of the United States to Southern Railway Company and allied companies embraced in Southern Railway System, Washington, D. C., which became effective March 24, 1922, will expire at midnight on March 23rd, 1933. This is to notify you that this policy will not be renewed."

The witness further introduced in evidence copy of letter or circular sent out to each of the employees of Southern Railway Company and its subsidiaries who were insured under the group policy, advising them of the cancellation.

The testimony of Mr. Edward R. Rose, assistant superintendent of the group insurance department of the Equitable Life Assurance Society of the United States, was presented to the court, and Mr. Rose on the part of the Equitable Life testified as to receipt of the notice of cancellation by the Southern Railway and the fact that the policy in question was actually canceled on the records of the society as of midnight March 23, 1933.

The foregoing constitutes a short summary of the very full and complete testimony presented to the court in this case.

After extensive argument by counsel representing the plaintiff and the defendants, the court has concluded that the relief prayed for in the complaint must be granted and the contentions of the defendants must be denied.

■ As to the first contention of the defendants above named, the court has examined the order of voluntary dismissal heretofore granted in a case brought in equity in this court by the same plaintiff and holds that such order in no wise affects the rights of the plaintiff society to bring this action.

■ On the second ground asserted by the defendants, the court holds that section 7994, Code of Laws South Carolina, volume 3, 1932, does not apply to the case in question because of necessity a certificate issued under a group policy is part and parcel of the group policy, of which the insured had full knowledge, and each of the certificate holders under such group policy are bound by the terms thereof.

■ The third defense involved the question of "amount or value in controversy," and the court unhesitatingly holds that this case concerns the group policy in question and admittedly the amount of coverage in this group policy is far in excess of that required by the statutes of the United States for the jurisdiction of this court in a case of this character.

■ Fourth, the defendants assert that the plaintiff has a full, adequate, and complete remedy at law. The court is familiar with and has reviewed the cases mentioned by the defendants' counsel in argument, including the recent case of Pioneer Pyramid Life Ins. Co. v. Hughey (C.C.A.4th) 76 F. (2d) 524; Southern Grocery Stores v. Hollis (C.C.A.4th) 63 F.(2d) 351; and Georgia Power Company v. Hudson (C.C.A.4th) 49 F.(2d) 66, 75 A.L.R. 1439; but these and like cases do not apply to the pending proceeding.

We are here concerned with the Federal Declaratory Judgment Statute, section 274d, Judicial Code, 28 U.S.C.A. § 400, and the issue is whether there is "an actual controversy" before this court, and, if so, then this court shall have power "upon petition * * * or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration * * * and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such."

Congress clearly has provided a new form of procedure whereby some of the ancient rules and doctrines of the court of

equity have been eliminated from consideration where there is a real controversy and the court finds it possible to make a declaratory judgment which will determine the rights of the parties in the action. This contention of the defendants is therefore overruled.

The plaintiff herein, as hereinabove stated, makes the named defendants parties both individually and as a class to represent numerous other persons who hold certificates under the group policy in question, and under the Federal Declaratory Judgment Statute, it seems appropriate to the court that the relief granted under this decree should apply to all certificate holders under said group policy.

The court therefore adopts the foregoing as its findings of fact and conclusions of law, and holds that the plaintiff herein is entitled to the relief prayed for.

It is therefore ordered, adjudged, and decreed that the group policy of insurance No. 1484, dated March 24, 1922, issued by the Equitable Life Assurance Society of the United States to Southern Railway Company and its subsidiaries, and including all certificates issued thereunder, be and it is hereby declared to be canceled, terminated, and ended as of midnight March 23, 1933, and that all rights of the defendants holding certificates issued pursuant to the terms of said group policy and any and all other persons who hold certificates under said group policy and in like position with the defendants ceased and terminated as of midnight, March 23, 1933, and that the plaintiff is not liable to any of the defendants named herein, or any other certificate holder for any damages alleged to have resulted because of said cancellation effective as of March 23, 1933, and particularly on account of the matters and things set forth in the several complaints brought by the named defendants hereinabove and offered in evidence in this action.

It is further ordered, adjudged, and decreed that all of the defendants above named, and each of them, together with all other persons in like position as certificate holders under said group policy be and they are hereby restrained and enjoined from bringing any proceeding in any court, or from presenting any pending cases against the Equitable Life Assurance Society of the United States because of the issuance of said group policy or any certificate or certificates thereunder, or because of the cancellation of said group policy or any certificate or certificates issued thereunder, unless said person first appear before this court on motion at the foot of this order and it be shown by such person as a certificate holder that he has a cause of action arising out of the contract in question prior to the date of the cancellation of said policy, to wit, March 23, 1933.

Let this case be held open, therefore, for the purpose of entertaining any further motions in accordance with the foregoing.