Thompson & Barwise and Sidney Samuels, all of Fort Worth, Tex., and Julian Mastin and Coke & Coke, all of Dallas, Tex., for the motion.

Smith, Young & Smith, of Fort Worth, Tex., opposed.

## ST. LOUIS UNION TRUST CO. v. STEPHENS et al.

### No. 170.

District Court, N. D. Texas, Dallas Division.

Jan. 4, 1940.

ATWELL, District Judge.

The defendant Stephens and twenty-five others are sued upon a written contract. By its provisions, they guarantee the payment of $100,000 which was borrowed by the Young Men's Christian Association of Fort Worth, Texas. The guaranty recites that the Association had applied to the First National Company of St. Louis, Missouri, for a loan of $100,000; the principal and interest to be evidenced by twenty-six negotiable promissory notes of the Young Men's Christian Association, and secured by a mortgage lien upon a tract of land described.

That the First National Company "is willing to make or procure said loan upon the condition that the undersigned guarantors execute the guaranty in the form hereof; otherwise, not." That the notes were dated December 2, 1929, payable to the

order of H. W. Heidenreich, at the office of the First National Company in St. Louis.

That in order to induce the said company to make, or procure said loan for itself, or for the account of its clients, or future holders thereof, and for other good and valuable considerations, the guarantors "do hereby, jointly and severally, guarantee unconditionally unto the St. Louis Union Trust Company, * * * as trustee of an express trust, for the use and benefit of the holder, or holders, from time to time, of the respective notes hereinbefore described, its successors and assigns, the payment of all and singular, the sums due and to become due on each and all of said notes above described, both principal and interest, according to their respective tenor, purport and effect: provided, however, that no signer of this guaranty shall be liable for a greater amount of principal or of interest than the amounts respectively, set opposite his signature, together with eight percent interest per annum on so much thereof as he shall not pay when due."

That "this guaranty is in no way dependent on the mortgage deed of trust above mentioned, and nothing done by the mortgagee thereunder, or by the holder, or holders of the notes secured thereby, and no changes in the terms thereof, or the security afforded thereby, shall in any way lessen, or affect, this guaranty, or any rights arising, or to arise, hereunder."

The instrument further provides in case of default by the Young Men's Christian Association, in the payment of principal, or interest, or any part thereof, "then and thereupon the obligation of the guarantors, and each of them, by reason of this guaranty, shall immediately become effective, anything in this guaranty, or in said notes, or deed of trust to the contrary notwithstanding, and all principal of and accrued, or earnest interest on all principal and interest notes then outstanding and unpaid, shall constitute and be a direct obligation of the guarantors and each of them, payable upon demand therefor to said St. Louis Union Trust Company, as trustee, its successors or assigns."

The guaranty then provides that it is made for the benefit of the First National Company, its successors and assigns, and for the benefit of the said St. Louis Union Trust Company, and for the benefit of each and every holder, present, or future, of all or any part of said principal, and/or interest notes; and that all actions or proceedings at any time, or from time to time, to enforce it, may be brought by said St. Louis Union Trust Company in its own name, and as trustee, of an express trust for the use and benefit of such holder, or holders, of said principal and interest notes.

That all moneys collected by the said trust shall, after deduction of the trustee's expenses and liabilities, if any, incurred in connection with such collection, be applied by said trustee toward payment of the amounts then due and unpaid upon the principal and interest notes then outstanding, "respectively, ratably and without any preference, or priority of any kind, according to the amounts due and payable upon such principal and interest notes, * * *."

Each of the individuals signing such guaranty limited his liability to $1,000 interest, and $1,500 principal.

The plaintiff alleges that at the time of the institution of the suit, $73,500 was due on the principal, and $7,350 on interest. It sues for $39,000, which is the aggregate of the $1,500 principal guaranteed by each of the twenty-six signers, and for the sum of $7,350 interest, "which interest plaintiff prays be prorated among the defendants according to the terms of said contract of guaranty." It also alleges a joint and several obligation, to the plaintiff, as trustee of the express trust, "for the use and benefit of the holder, or holders of the notes."

The defendants contend that, regardless of the written contract, the obligation sued upon is several and not joint. That such several liability is limited to $2,500 against each of the defendants.

When superficially read, there appear to be authorities on both sides of the question.

■ There are some controversies which are single in nature, though involving a diversity of claims and claimants, the aggregate of which, when brought into one suit, make one controversial amount.

Such cases as Sovereign Camp, Woodmen of the World v. O'Neill et al., 266 U.S. 292, 45 S.Ct. 49, 69 L.Ed. 293; McDaniel v. Traylor, 196 U.S. 415, 25 S.Ct. 369, 49 L.Ed. 533; Id., 212 U.S. 428, 29 S.Ct. 343, 53 L.Ed. 584; Equitable Life Association Society v. Templeton, D.C., 19 F.Supp. 485; Troy Bank v. G. A. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81; Jamerson v. Alliance Insurance Company, 7 Cir., 87 F.2d 253; Brusselback

v. Arnovitz, 6 Cir., 87 F.2d 761; Brusselback v. Cago Corp., 2 Cir., 85 F.2d 20; Weaver v. Norway Tack Co., C.C., 80 F. 700; American Central Insurance Co. v. Harmon Knitting Mills, 7 Cir., 39 F.2d 21; Lake Charles Rice Milling Co. v. Pacific Rice Growers' Association, 9 Cir., 295 F. 246; Wyman v. Bowman, 8 Cir., 127 F. 257; Osborne et al. v. Wisconsin Central Railway Co., C.C., 43 F. 824, support the idea in some form.

The uniting of the actions, if it is permissible under the rule above mentioned, is a convenience and a saving of expense to all the parties, because there can be determined in one suit all of the issues. The obligation, the responsibility, and the defenses are identical as to each defendant. Of course, the sensible appeal of convenience may not override an express jurisdictional provision, but the avoidance of a multiplicity of suits also has its place in fixing jurisdiction. Such an equity, however, may not be resorted to in a national court, if the state court which would have jurisdiction would not require multiplicity. The twenty-six suits sought to be avoided here would not be necessary there. One suit can be brought. DiGiovanni v. Camden Fire Insurance Association, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47; Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Campbell v. Land, Tex.Civ. App., 69 S.W.2d 554.

So, returning to the first question. Unless there is a union of the individual claims, which are in themselves insufficient to give jurisdiction, there is no entry into the national court. Such union must be by combination and conspiracy, or agreement and conspiracy, or fraud. DiGiovanni v. Camden Fire Insurance Association, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47; Pioneer Pyramid Life Insurance Company v. Hughey et al., 4 Cir., 76 F.2d 524; Indemnity Insurance Co. of North America v. School District, 6 Cir., 63 F.2d 878; Georgia Power Company v. Hudson, 4 Cir., 49 F.2d 66, 75 A.L.R. 439; Waltman v. Union Central Life Insurance Co., D.C., 25 F.2d 320; Essman v. Hood, D.C., 45 F.2d 881; Broderick v. American General Corporation, 4 Cir., 71 F.2d 864, 94 A.L.R. 1359. The last case deals with the creditors' bill exception to the general rule, and no such contention is made here.

My first impression was that there is such a tying together by the contract that the jurisdictional amount is present, but a more careful inspection of the contract does not support that view. Thorpe v. Story, 10 Cal.2d 104, 73 P.2d 1194.

The order overruling the motion to dismiss is set aside, and the cause is dismissed.